David W. Cantrill
ISB No. 1291
CANTRILL, SKINNER, SULLIVAN & KING LLP
1423 Tyrell Lane
P.O. Box 359
Boise, Idaho 83701
Telephone:   (208)344-8035
Facsimile:   (208)345-7212

Jerold Oshinsky, Esq.
Randy Paar, Esq.
DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Telephone:   (212)835-1400
Facsimile:   (212)887-0689
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

---

| | |
|---|---|
| J.R. SIMPLOT COMPANY, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: |
| | : CIV 01-0296-S EJL |
| LEGION INDEMNITY COMPANY, | : **COMPLAINT AND DEMAND FOR** |
| Defendant. | : **JURY TRIAL** |

---

## COMPLAINT

Plaintiff J.R. Simplot Company ("Simplot"), by its attorneys, alleges for its complaint against defendant Legion Indemnity Company ("Legion") as follows:

1. This is an action against an insurance company seeking damages for breach of contract, and breach of the duty of good faith and fair dealing, as well as other relief.



2. Plaintiff seeks to have this Court both construe the meaning of, and enforce, the insurance policy sold by Legion to Simplot's indemnitor, Sana Internacional, S. de C.V., a Mexican company ("Sana") which also provides coverage benefits for Simplot.

3. In the First Claim for Relief, Plaintiff seeks damages for defendant's breach of its contractual obligation to defend Simplot in an action captioned *Eateries, Inc. and Fiesta Restaurants, Inc. v. J.R. Simplot Company* (W.D. Oklahoma), No. Civ. 99-1330-C ("The Underlying Action"). In the Second Claim for Relief, Plaintiff seeks damages for defendant's breach of its contractual obligations to indemnify Simplot in the Underlying Action. In the Third Claim for Relief, Plaintiff seeks extra-contractual damages for defendant's breach of the duty of good faith and fair dealing. Plaintiff also seeks declaratory relief and all expenditures associated with this action, including attorneys' fees, litigation expenses, pre-judgment interest and post-judgment interest, and such other, further and different relief as this Court may deem just and proper.

## The Parties

4. Plaintiff Simplot is a Nevada corporation, with its principal place of business at One Capital Center, 999 Main Street, Boise, Idaho. Simplot is licensed to do business and is doing business in Idaho. Simplot is a corporation involved in the distribution of food products.

5. Upon information and belief, Defendant Legion is an insurance company, incorporated under the laws of the State of Illinois, with its principal place of business in the State of Pennsylvania. Legion is licensed to do business, and is doing and transacting business in Idaho.

## Jurisdiction & Venue

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and defendant, and the amount in controversy exceeds $75,000.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Plaintiff has its principal place of business in Boise, Idaho, and is licensed to do business and is doing business in Idaho. Upon information and belief, Defendant Legion carries on a regular, continuous and substantial business in Idaho, selling insurance policies to residents of Idaho and insuring risks in Idaho.

8. There is an actual and justiciable controversy between the parties.

### The Insurance Policies

9. Legion is, and at all relevant times was, engaged in the business of selling comprehensive general liability insurance.

10. Legion sold a comprehensive general liability policy to Sana, bearing policy number GL 202344 39 (the "Policy"). Sana is an insured under the Policy. The Policy provides $1,000,000 in limits of coverage for product/completed operations liability claims that allege bodily injuries or property damage which take place, at least in part, during the period April 26, 1998 through April 26, 1999.

11. In addition to providing products/completed operations coverage for claims asserted against Sana, the Policy also provides insurance, including a defense, for claims against indemnitees of Sana. As set forth below, Sana is required to indemnify Simplot for the claims alleged against Simplot in the Underlying Action.

12. The Policy contains non-negotiated standard-form comprehensive general liability insurance provisions.

13. The Policy is an all-inclusive policy that provides that any liability risk not specifically and unambiguously excluded is covered by the Policy.

3

14. In the Policy, defendant Legion agreed to pay all sums which Sana or its indemnitees shall become legally obligated to pay as damages because of, inter alia, bodily injury and property damage.

15. In the Policy, defendant Legion agreed to defend any suit against Sana or its indemnitees seeking damages on account of such bodily injury or property damage.

### Sana's Compliance with Insurance Policy Terms

16. Sana has complied with all terms of the Policy, if any, that are conditions precedent to defendant's duties to perform its obligations to Sana or its indemnitees under the Policy in respect to the Underlying Action.

17. Sana and Simplot are entitled to all benefits provided by the Policy.

18. Defendant Legion has failed, or will fail, to honor and has repudiated, or will repudiate, its obligations to Sana and Simplot under the Policy.

19. Defendant Legion has threatened to breach, has breached, or will breach its obligations to Sana and Simplot as set forth in the Policy.

### The Underlying Action

20. Simplot acted as a distributor for chili rellenos that were manufactured by Sana, and marketed and distributed by a Sana affiliate, Sana U.S.A. LLC ("Sana – USA"). Simplot had no major role in the formulation or manufacture of the chili rellenos manufactured and distributed by Sana.

21. The chili rellenos were manufactured by Sana in Mexico. The food products were then distributed to Sana – U.S.A. pursuant to a Production Supply Agreement between Sana and Sana – U.S.A., and then distributed to Simplot pursuant to a Marketing Agreement dated August 4, 1997.

22. Under the terms of the Production Supply Agreement and the August 4, 1997 Marketing Agreement, Sana agreed to defend and indemnify Simplot for any claims arising out of the distribution of Sana's products.

23. On August 12, 1999, Simplot was sued by Eateries Inc. and Fiesta Restaurants in the United States District Court for the Western District of Oklahoma. This suit alleges that Sana's chili rellenos supplied by Simplot to Eateries Inc. and Fiesta Restaurants were contaminated with salmonella and were otherwise unfit for human consumption.

24. Plaintiffs in the Underlying Action further allege that numerous of their customers who consumed the contaminated chili rellenos became ill, and sought and received compensation from the underlying Plaintiffs for their bodily injury and related damages.

25. Plaintiffs in the Underlying Action currently seek in excess of $25 million in damages from Simplot as a result of the allegedly contaminated Sana products.

26. Trial of the Underlying Action currently is set for August 13, 2001.

27. Simplot tendered the Underlying Action to Legion on August 27, 1999 and Legion defended Simplot for almost two years under a reservation of rights.

28. By letter dated June 18, 2001 from Legion's agent, Legion unilaterally withdrew its defense of Simplot in the Underlying Action.

29. The grounds stated for Legion's withdrawal of Simplot's defense was the allegation that, during the course of the Underlying Action, Legion had learned that "Simplot played a major role in the formulation of the recipe and preparation instructions for the alleged defective food product."

30. There is no basis upon which Legion could make the above allegation as a purported reason to withdraw from the defense of Simplot. Moreover, even if true, that allegation

would not entitle Legion to withdraw from the defense of Simplot since the possibility of a covered claim would still exist until the scope of Simplot's liability, if any, was determined.

31. Simplot has incurred defense costs in the underlying action of more than $350,000 which have not been reimbursed by Legion.

32. Simplot seeks coverage for all of the unreimbursed defense costs, the prompt payment of all future defense costs and indemnity from Legion related to the underlying action.

33. Defendant Legion is obligated to pay in full the costs and expenses of defense of an Underlying Action and to indemnify Simplot and Sana in full for any liability arising from the contaminated chili rellenos as a result of judgments or settlements.

## COUNT ONE

### Breach of Contract

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33, as if fully set forth herein.

35. Defendant Legion is fully liable for expenditures made, or required to be made, by Simplot to defend the allegations in the Underlying Action.

36. Defendant Legion has breached the terms of the insurance contract that it sold to Sana when it failed and refused to provide an unqualified defense, and pay all of the costs (past, present, and future) of the investigation and defense of the Underlying Action.

37. As a direct, proximate, and legal result of defendant's breach of contract with respect to the defense of Underlying Action, Simplot has sustained substantial damages including, but not limited to, the sums spent and to be spent in the future to investigate, defend, resolve and settle the Underlying Action, including, without limitation, attorneys' fees, litigation expenses, defense costs, and interest.

38. As a direct, proximate, and legal result of defendant's breach of contract with respect to the defense of the Underlying Action, which is continuing at the date of this complaint, defendant has unjustly deprived Sana and Simplot of the benefit of the insurance coverage for which Sana paid substantial premiums.

39. Defendant is legally obligated to pay all damages caused by its breach of contract. As a result, defendant is liable to Simplot for damages in an amount yet to be ascertained for all costs of investigation, defense, damages, costs and payments (whether by judgment, settlement or otherwise), and all other sums incurred to date by Simplot or which may be incurred, together with the costs and disbursements of this action, including but not limited to, reasonable attorneys' fees and pre-judgment and post-judgment interest.

## COUNT TWO

### Breach of Contract

40. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 39, as if fully set forth herein.

41. Defendant Legion is fully liable for expenditures made, or required to be made, by Simplot to pay for its liabilities in connection with the Underlying Action.

42. Defendant has failed and refused to agree to indemnify and pay in full Simplot's legal liability, if any, in connection with the Underlying Action against Simplot.

43. As a direct, proximate, and legal result of defendant's breach of contract with respect to the Underlying Action, Sana and Simplot have sustained substantial damages including, but not limited to, the sums spent and to be spent in the future to resolve and settle the Underlying Action, including, without limitation, settlement costs and the satisfaction of any judgment.

44. As a direct, proximate, and legal result of defendant's breach of contract with respect to the Underlying Action, which is continuing at the date of this complaint, defendant has unjustly deprived Sana and Simplot of the benefit of the insurance coverage for which Sana paid substantial premiums.

45. Defendant is legally obligated to pay all damages caused by its breach of contract. As a result, defendant is liable to Simplot for damages in an amount yet to be ascertained for all costs and payments (whether by judgment, settlement or otherwise), and all other sums incurred to date by Simplot or which may be incurred, together with the costs and disbursements of this action, including but not limited to, reasonable attorneys' fees and pre-judgment and post-judgment interest.

## COUNT THREE

### Breach of the Duty of Good Faith and Fair Dealing

46. Simplot repeats and realleges the allegations set forth in paragraphs 1 through 45, as if fully set forth herein.

47. By selling insurance policies to Sana and collecting premiums, defendant assumed a duty of good faith and fair dealing toward Sana and Simplot, Sana's indemnitee.

48. The insurance policy sold to Sana contained an implied promise that Legion would deal fairly and in good faith with Sana and its indemnitees and would do nothing to injure, frustrate, or interfere with their rights to receive the benefits of insurance policies sold to Sana for its own benefit and for the benefit of its indemnitees.

49. Defendant has breached the duty of good faith and fair dealing it owed to Sana and Simplot, Sana's indemnitee, in a number of respects, including, but not limited to, the following:

9950 v1; 7_#01!.DOC

  a. After the initial partial payments, defendant refused and continues to refuse to pay the costs to defend Sana's indemnitee, Simplot, and to pay for Simplot's legal liability, if any, within defendant's limits of liability, in connection with the Underlying Action;

  b. Despite requested promises to the contrary, defendant unreasonably failed to provide insurance coverage for the Underlying Action when defendant knew or reasonably should have known that Sana and Simplot were entitled to such coverage;

  c. Defendant willfully and in bad faith interpreted factual circumstances so as to resolve any ambiguities and uncertainties against Sana and Simplot and in favor of its own interests;

  d. Defendant withdrew from the defense of Simplot less than two months before trial;

  e. Defendant knows that the statement made by its agent in the June 18, 2001 letter as an explanation for its withdrawal of coverage for the claims against Simplot in the Underlying Action is not true;

  f. Defendant has forced Simplot into litigation to obtain the coverage to which it is entitled under Sana's insurance policy.

  50. As a direct, proximate, and legal result of defendant's breaches of the duty of good faith and fair dealing with respect to the Underlying Action, which is continuing at the date of this complaint, defendant has deprived Sana and Simplot of the benefit of the insurance coverage for which Sana paid premiums.

  51. Defendant is legally obligated to pay all damages caused by its breaches of the duty of good faith and fair dealing. As a result of these breaches, defendant is liable to Simplot for damages in an amount yet to be ascertained for all costs of investigation, defense, damages, costs and payments (whether by judgment, settlement or otherwise), and all other sums incurred to date

by Simplot or which may be incurred, including extra-contractual damages, together with the costs and disbursements of this action, including but not limited to, reasonable attorneys' fees and pre-judgment and post-judgment interest.

## COUNT FOUR

52. Simplot repeats and realleges the allegations set forth in paragraphs 1 through 51, as if fully set forth herein.

53. Simplot hereby reserves the right to amend this Complaint to allege punitive damages.

## DEMAND FOR JURY TRIAL

Simplot hereby demands a trial by jury in accordance with the provisions of Rule 38(b) of the Federal Rules of Civil Procedure and applicable law.

WHEREFORE, Plaintiff prays that the Court enter a judgment determining and declaring:

    a. That defendant is liable to pay Simplot all damages resulting from defendant's breaches of contract;

    b. That defendant is liable to pay Simplot all damages, including compensatory and extra-contractual damages, resulting from defendant's breaches of its duties of good faith and fair dealing;

    c. That defendant is liable to pay Simplot all costs associated with this action, including attorneys' fees, litigation expenses, and pre-judgment and post-judgment interest;

9950 v1; 7_#01!.DOC

      d. Such other further or different relief, as the Court deems just and proper.


Date: June 25th, 2001             CANTRILL, SKINNER, SULLIVAN
                                                 & KING LLP

                                                 By: _____
                                                 David W. Cantrill,
                                                 Attorneys for Plaintiff
                                                 1423 Tyrell Lane
                                                 Boise, Idaho 83706
                                                 (208) 344-8035


Of Counsel:

DICKSTEIN SHAPIRO MORIN &
  OSHINSKY, LLP
Jerold Oshinsky, Esq.
Randy Paar, Esq.
1177 Avenue of the Americas
New York, New York 10036-2714
(212) 835-1400

11